



**FILED**
**Feb 26, 2021**
**12:15 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Billy R. Beecham | ) Docket No.  2019-07-0184 |
| | ) |
| v. | ) State File No.  82322-2017 |
| | ) |
| Celadon Group, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Amber E. Luttrell, Judge | ) |

---

### Affirmed and Certified as Final

---

The employee, a truck driver, suffered injuries when he fell while exiting his truck. The employer accepted the claim as compensable and provided workers' compensation benefits. At trial, the employer raised the affirmative defense of willful misconduct. The trial court concluded that the employer failed to establish the affirmative defense and awarded benefits based on the permanent impairment rating admitted into evidence. The employee has appealed. After careful consideration, we affirm the trial court's order and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Billy Beecham, Paris, Tennessee, employee-appellant, pro se

Kenneth D. Veit, Nashville, Tennessee, for the employer-appellee, Celadon Group, Inc.

### Memorandum Opinion[1]

On October 18, 2017, Billy Beecham ("Employee"), an over-the-road truck driver, sustained injuries to his neck, back, and shoulder when he fell while exiting his truck. Employee reported the work incident to his employer, Celadon Group, Inc. ("Employer"), resumed working, and sought authorized medical treatment from an urgent

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

care clinic within a few days of the incident. Employee received conservative treatment at the urgent care facility and was released to return to full-duty work.

Over the next few months, Employee was seen by various providers at the urgent care facility and, in July 2018, was referred to an orthopedist for further evaluation. Employer did not immediately provide a panel of orthopedists, and Employee returned to the urgent care facility on two more occasions. A provider at the urgent care facility placed Employee at maximum medical improvement, at which time Employer offered Employee a panel of orthopedists, from which he selected Dr. Timothy Sweo.

Employee first saw Dr. Sweo on October 10, 2018. Dr. Sweo diagnosed Employee with cervicalgia and left shoulder pain and imposed temporary restrictions of no truck driving "for the next few weeks until after [physical] therapy." Although Employer was able to accommodate Employee's work restrictions, Employee declined to return to work and voluntarily resigned, claiming he was unable to safely operate a truck in his condition due to pain. On January 9, 2019, Dr. Sweo placed Employee at maximum medical improvement, released him to regular duty, and assigned a one percent medical impairment "based on cervical strain."

Employee obtained another medical evaluation from Dr. Samuel Chung, who assigned a twenty-six percent medical impairment rating. Because of the disparity in the two ratings, Employee was examined by Dr. David West through the Bureau of Workers' Compensation's Medical Impairment Rating Registry ("MIRR"). Dr. West concluded the one percent impairment rating assessed by Dr. Sweo was appropriate.

On March 8, 2019, Employee filed a petition seeking additional medical treatment and temporary disability benefits. The trial court conducted an expedited hearing and issued an order requiring Employer to authorize additional treatment with Dr. Sweo that was reasonable, necessary, and causally related to the work injury. The court found Employee was not entitled to the additional monetary benefits he had requested.

On October 24, 2019, Employer filed a motion to amend the Dispute Certification Notice to include willful misconduct as an affirmative defense, and the court granted the motion. At trial, the contested issues were compensability and the extent of Employee's vocational disability. The trial court concluded Employer had failed to establish willful misconduct and found the claim to be compensable. The court awarded permanent disability benefits based on Dr. West's one percent medical impairment rating, which was the only impairment rating entered into evidence. Employee has appealed, questioning the trial court's award based on the one percent impairment rating.

Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts.

*Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

Employee has not filed a brief on appeal. Although he appears to contend the trial court erred in concluding he sustained a one percent impairment, he failed to articulate any specific issues for our review, failed to describe how the trial court purportedly erred in its rulings, and failed to provide any relevant legal authority in support of his position. It is not our role to search the record for possible errors or to formulate Employee's legal arguments where he has provided none. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As we have stated on numerous occasions, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Moreover, Employee has not filed a transcript of the proceedings in the trial court or a joint statement of the evidence. As a result, our review of the evidence is limited to the documentary evidence. The only evidence addressing Employee's medical impairment is the one percent medical impairment rating from Dr. West. Accordingly, we conclude the preponderance of the evidence supports the trial court's determination. We affirm the trial court's compensation order and certify it as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Billy R. Beecham | ) | Docket No. 2019-07-0184 |
| | ) | |
| v. | ) | State File No. 82322-2017 |
| | ) | |
| Celadon Group, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of February, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Billy Beecham | | | | X | billybeecham76@gmail.com |
| Kenneth D. Veit<br>Crystal Brown | | | | X | kenny.veit@leitnerfirm.com<br>crystal.brown@leitnerfirm.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov